UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MACIAS-VASQUEZ,<br><div align="right">Petitioner,</div><br>v.<br>UNITED STATES OF AMERICA,<br><div align="right">Respondent.</div> | Case No.: 19-cr-432-AJB<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(Doc. No. 44)** |

Petitioner Rafael Macias-Vasquez moves under 28 U.S.C. § 2255 ("Section 2255") to Vacate, Set Aside, or Correct his Sentence on the basis of ineffective assistance of counsel. (Doc. No. 44.) The United States opposed the motion. (Doc. No. 52.) For the reasons discussed below, the Court **DENIES** the Section 2255 motion.

I.   **BACKGROUND**

On February 7, 2019, Petitioner waived Indictment and the United States filed an Information charging Petitioner with importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. (Doc. No. 11.) On December 17, 2019, Petitioner pleaded guilty to the single-count Information. (Doc. No. 36.) An interpreter was present during the December 17, 2019 plea colloquy. (*See* Doc. No. 52, Exh. 1.) During that plea hearing, Petitioner was represented by his attorney, Mr. Frederick M. Carroll. Petitioner confirmed that his plea

agreement was translated into Spanish for him, and that he understood the plea agreement. (*Id.*) On March 9, 2020, the Court sentenced Petitioner to 46 months in custody. (Doc. No. 43.) On June 30, 2020, Defendant filed a motion requesting habeas relief pursuant to 28 U.S.C. § 2255. (Doc. No. 52.) On September 30, 2020, the United States moved the Court for an order waiving the attorney-client privilege as to all matters and facts presented in Petitioner's Section 2255 motion. (Doc. No. 49.) The Court ordered that on or before November 1, 2020, Petitioner must respond in writing as to whether he desired to pursue his Section 2255 motion, or whether he desired to abandon the claim in order to avoid the privilege waiver. (Doc. No. 50.) The Court noted that if Petitioner did not respond by November 1, 2020, the Court would deem all communications between Petitioner and his former counsel waived. (*Id.*) Petitioner did not respond by the deadline, and accordingly waived his attorney-client privilege. The Court also ordered that the United States respond to the Section 2255 motion by January 1, 2021, and that Petitioner be permitted to file a reply by February 1, 2021. The United States filed an opposition on December 21, 2020, but Petitioner did not reply. This order follows.

## II.   LEGAL STANDARD

Under Section 2255, a petitioner is entitled to relief if the sentence (1) was imposed in violation of the Constitution or the laws of the United States, (2) was given by a court without jurisdiction to do so, (3) was in excess of the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). Here, Petitioner alleges his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160–61 (9th Cir. 2006).

## III.   DISCUSSION

Petitioner alleges his counsel was ineffective due to (1) a language barrier that caused Petitioner to not understand the nature of the charge and the consequences of his plea, and (2) Counsel's failure to communicate mitigating factors to the Court. (Doc. No.

44.) The Court addresses both arguments below.

### A. Ineffective Assistance of Counsel

The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). In a claim of ineffective assistance of counsel, the petitioner must meet the *Strickland* test by showing that (1) under an objective standard, "counsel's assistance was not within the range of competence demanded of counsel in criminal cases" and (2) the petitioner suffered actual prejudice because of this incompetence. *See Lambert v. Blodgett*, 393 F.3d 943, 979–80 (9th Cir. 2004). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

With respect to the first factor, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. This involves proving "that counsel's performance was deficient," by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Iaea v. Sunnn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland*).

As to the second factor, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58–59. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Strickland*, 466 U.S. at 691–92. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. Then, the court evaluates "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

### 1. Petitioner's Argument That He Did Not Understand the Nature of The Charge and the Consequences of His Plea

Petitioner's first basis in arguing ineffective assistance of counsel is that due to a "language barrier," and "lack of knowledge," Petitioner did not appreciate the nature and consequences of his guilty plea. (Doc. No. 44 at 6.) In particular, Petitioner states he was "under the impression" that his sentence would be lower, and he would be able to serve time under home confinement due to his age and underlying medical conditions. (*Id.*) The United States responds by pointing out that Petitioner offers no support or evidence for this claim. The Court agrees with the United States.

Contrary to Petitioner's contention that he did not appreciate the nature or consequences of his plea, the record is abundant with evidence that Petitioner fully understood his plea, and the possible consequences. First, in the Plea Agreement, (Doc. No. 36), Petitioner indicated that he understood the possible consequences of the crime to which he was pleading guilty, including that the crime carried a mandatory minimum of ten years in prison. (*Id.* at 4.) Petitioner also affixed his initials to each page of the Plea Agreement, signed the last page, and attested that he understood the charges and the consequences of the plea. (*Id.*)

Secondly, at the change of plea hearing before Magistrate Judge Michael S. Berg, Judge Berg, with an interpreter present, confirmed that Petitioner initialed and signed each page of the Plea Agreement. (Doc. No. 52-1 at 5–6.) Petitioner also represented at the hearing that the Plea Agreement was "translated . . . into Spanish." (*Id.*) Judge Berg also proceeded through a comprehensive and thorough Rule 11 colloquy to ensure that Petitioner was competent to enter the plea, understood the rights he was waiving, and understood the immigration implications of entering a guilty plea. (*Id.*)

Third, Petitioner's former counsel, Mr. Carroll submitted a declaration, explaining that throughout the course of his representation of Petitioner, counsel routinely met with Petitioner, including before each court appearance. Counsel states that "[d]uring each of these meetings, I was assisted by a Spanish language interpreter." (Doc. No. 52-3 at 3.)

Moreover, counsel also affirmed that before Petitioner pleaded guilty, counsel "personally reviewed the Plea Agreement with Mr. Macias Vasquez. During this meeting, I was assisted by a Spanish language interpreter." (Doc. No. 52-3 at 3.)

Petitioner has not provided any evidence or further argument to rebut any of these facts. Under the first *Strickland* prong, counsel's assistance was well within the range of competence demanded of counsel in criminal cases. There is no evidence otherwise. As such, the Court need not reach the second *Strickland* prong. The Court concludes that this ground does not constitute an adequate basis to find ineffective assistance of counsel.

### 2. Petitioner's Argument That Counsel Did Not Effectively Communicate to the Court Petitioner's Medical Condition and Vulnerability to COVID-19

Petitioner's second claim for relief fares no better. In Petitioner's second argument alleging ineffective assistance of counsel, Petitioner argues that his former attorney did not inform the Court of Petitioner's medical condition, and vulnerability to COVID-19. (Doc. No. 44 at 6.) First, as the United States persuasively argues, Petitioner was sentenced on March 9, 2020, a time at which the impact of COVID-19 was not fully known within the United States. (Doc. No. 52 at 8.) Thus, it would be unreasonable to require counsel to argue that Petitioner was at a high risk for contracting COVID-19 before the impact of the virus on the United States was fully understood.

Second, Petitioner's claim that counsel failed to bring Petitioner's medical conditions to the Court's attention is belied by the record. Indeed, in Petitioner's sentencing memorandum, (Doc. No. 41), counsel cited to Petitioner's medical condition and gambling addiction to argue for a 24-month sentence. Furthermore, counsel again addressed Petitioner's medical condition before the Court at the March 9, 2020 sentencing hearing. (Doc. No. 48.)

Because Petitioner has failed to establish that counsel's conduct was deficient under the first *Strickland* prong, the Court will not address the second *Strickland* prong. This claim for relief thus fails.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion is **DENIED**. Because the record refutes Petitioner's allegations and otherwise precludes habeas relief, Petitioner's motion is **DENIED** without an evidentiary hearing. Finally, the Court denies Petitioner a certificate of appealability. A petitioner is required to obtain a certificate of appealability in order to appeal a decision denying a motion under 28 U.S.C. § 2255. A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 12, 2021

Hon. Anthony J. Battaglia
United States District Judge